2009 ME 119

**STATE of Maine**

v.

**Christopher Michael COOK.**

Supreme Judicial Court of Maine.

Argued: Oct. 30, 2009.
Decided: Dec. 8, 2009.

———

Clifford B. Strike, Esq. (orally), Strike, Goodwin & O'Brien, Portland, ME, for Christopher M. Cook.

Norman R. Croteau, District Attorney, Deborah Potter Cashman, Asst. Dist. Atty. (orally), Office of the District Attorney, Auburn, ME, for the State of Maine.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

SILVER, J.

[¶ 1] Christopher Michael Cook appeals from a judgment entered in the Superior Court (Androscoggin County, *Delahanty, J.*), following a jury trial, convicting him of robbery (Class B), 17-A M.R.S. § 651(1)(B)(2) (2008). The court found Cook guilty on a charge of violating a condition of release (Class E), 15 M.R.S. § 1092(1)(A) (2008). Cook had waived a jury trial on that charge, and it is not at issue in this appeal. Cook argues that the court erred in proceeding with the trial when jurors may have been distracted due to bad weather. Cook also moved for a mistrial, arguing that the jury may not have been impartial given that some jurors expressed concern that they might have been photographed by a friend of Cook as they were leaving the courthouse. The court denied the motion. We affirm the judgment.

[¶ 2] The trial began with opening statements on Tuesday, December 9, 2008, and testimony from various witnesses was presented on December 9, 10, and 11. Due to a storm, the trial did not resume until late in the morning on Friday, December 12. In chambers, Cook's counsel raised the issue that jurors might be preoccupied with the weather and power outages. Addressing the jury as a group in open court, the court asked whether any member of the jury felt distracted by concerns about the aftereffects of the bad weather. The transcript reflects that none of the jurors expressed concern. After hearing closing arguments and instructions, the jury began deliberating that day at approximately 1:45 p.m., and, over the next two hours, the jury sent the court several requests to review video and testimony.

[¶ 3] The next Monday, December 15, the jury reconvened at about 9:00 a.m.,

deliberated for less than one hour, and then notified the court that it had reached a verdict. When the jurors returned to the courtroom to announce their verdict, they also brought a note for the court. After the jurors rendered the verdict and left the courtroom, the court informed counsel that seven of the jurors had signed a note describing an incident that had taken place late in the prior week. The note stated: "Some jurors are concerned about the defendant's girlfriend, who was using her cell phone while we were exiting the building, we are wondering if she could have photographed us because she was observing us during this time and had her phone in her hand."

[¶ 4] At the court's request, the court officer checked the cell phone and found that there were no photographs of jurors on it. The court, with counsel present, conducted an in-chambers inquiry of each of the twelve jurors privately, informing them that the court officer checked the phone and there were no photographs of jurors found on it, and asking whether juror's concerns about being photographed had played any role in the decision. After speaking to several jurors, the court, at counsel's request, also asked each of the remaining jurors an additional question as to whether he or she felt threatened; all who were aware of the incident prior to reaching the verdict responded that they did not feel threatened. None said that the incident had any effect on his or her decision.

[¶ 5] We review for clear error the court's finding that the jury was impartial notwithstanding its expression of concern about the cell phone, *see State v. Rollins,* 2008 ME 189, ¶¶ 9, 11, 961 A.2d 546, 549, and we find no error. The court conducted the appropriate individual interviews of each juror, *see State v. Merchant,* 2003 ME 44, ¶ 17, 819 A.2d 1005, 1009, and did

not abuse its discretion in denying Cook's motion for a mistrial, *see Rollins,* 2008 ME 189, ¶ 9, 961 A.2d at 549. Cook failed to object to or move for a mistrial with respect to the court's determination that the jury's ability to deliberate was not affected by the weather. We therefore review for obvious error, *see* M.R.Crim. P. 52(b); *State v. Schmidt,* 2008 ME 151, ¶ 15, 957 A.2d 80, 85, and find none.

The entry is:

Judgment affirmed.